UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ABIMBOLA ORUKOTAN**,

                Plaintiff,

vs.

**EVAN RUSSELL RAYMOND,
HARRIS SETH HOWARD,
IMPERIAL FUND I, LLC,
HARRIS HOWARD, P.A.**,
a Florida professional corporation
DBA **HOWARD LAW GROUP,**
and
**MATTHEW BARRY KLEIN**,

                Defendant(s).
_____/

CASE No.: _____

**JURY TRIAL DEMANDED**

FILED BY _____PCS_____ D.C.

Nov 13, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## **COMPLAINT FOR DECLARATORY JUDGMENT**

    I, Abimbola Orukotan, Plaintiff, in the above styled cause, brings this action and petitions for declaratory judgment and relief, and alleges:

### **NATURE OF THE ACTION**

1. This is an action for declaratory judgment, in order to clarify legal relations and to settle controversies among the parties; and to also seek a determination in connection with a dispute involving the enforceability and the correct interpretation of certain terms of written commercial agreements. Additionally, Plaintiff petitions this Court to nullify any and all transactions deemed to be done or conducted in contravention of the laws of the United States of America.

2. This matter arises out of two separate agreements ("Notes"), both entered on December 21, 2017, with identical terms for all intents and purposes related to this action, and both designated as "FIXED RATE PROMISSORY NOTE";

## JURISDICTION AND VENUE

3. This matter arises under the Constitution and laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331.

4. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, and also subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure; and The Obligation of Contracts Clause of the Constitution.

5. An actual justiciable controversy between the parties exists within the meaning of 28 U.S.C. § 2201 with respect to the claims asserted in the Lawsuit, as more particularly described below.

6. This litigation is a civil action over which this Court also has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2) based on diversity of the parties and the amount in controversy.

7. Venue is proper in this Court under 28 U.S.C. § 1391 (b), because a substantial part of the events giving rise to the claims occurred in this Judicial District.

8. All conditions precedent for bringing this action have been fully performed, waived, or excused.

## PARTIES

9. Petitioner **Abimbola Orukotan** ("Plaintiff") is a Citizen of the United States that resides in Florida, a Floridian, and has an interest in real property located in Broward County, Florida at all times material to this action and is *sui juris*.

10. Defendant **HARRIS HOWARD, P.A.**, a Florida professional corporation DBA **HOWARD LAW GROUP** ("Howard Law Group") is a corporation incorporated under the laws of Florida with its principal place of business at 4755 Technology Way, Suite 104, Boca Raton, FL 33431. It is deemed a citizen of Florida for purposes of 28 U.S.C. § 1332(c).

11. Defendant **Evan Russell Raymond** ("Mr. Raymond") is an individual who resides in Florida, and a Florida Bar member employed by Howard Law Group. At all relevant times, Mr. Raymond was associated with or employed by the enterprise, and met the definition of "employee" under all applicable federal and state laws.

12. Defendant **Matthew Barry Klein** ("Mr. Klein") is an individual who resides in Florida, and a Florida Bar member employed by Howard Law Group. At all relevant times, Mr. Klein was associated with or employed by the enterprise, and met the definition of "employee" under all applicable federal and state laws.

13. Defendant **Harris Seth Howard** ("Mr. Howard") is an individual who resides in Florida, a Florida Bar member, and Director of Howard Law Group. At all relevant times, Mr. Howard was associated with the enterprise.

14. Upon information and belief, based on representations made by Mr. Howard, Defendant **IMPERIAL FUND I, LLC** is a Delaware limited liability company with a security interest in real property located in Broward County, Florida.". As such, it is deemed a citizen of Delaware for purposes of 28 U.S.C. § 1332(c).

15. Plaintiff is informed and believes and thereon alleges that each of the Defendants ("Defendants") acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## FACTS

**About the Notes:**

16. Plaintiff entered and signed the original Notes in this case with **A&D MORTGAGE LLC**, a mortgage lending business as defined in 18 U.S. Code § 27;

17. The terms and elements of the Notes are unambiguous;

18. It is stipulated in these Notes that it "**shall be governed** by and **construed** and **enforced** in accordance with the **laws of the United States of America**, and any rules, regulations, or orders issued or promulgated thereunder";

19. Plaintiff deposited the Notes with A&D MORTGAGE LLC as financial institutions for monetary transactions defined in 31 U.S. Code § 5312(a)(2)(U);

20. Plaintiff is the sole signee of the Notes, and also defined therein as Guarantors;

21. The Notes also defines "**BIM'S INVESTMENTS, LLC A FLORIDA LIMITED LIABILITY COMPANY**" as Borrower;

22. **BIM'S INVESTMENTS, LLC** on the other hand, is currently an administratively dissolved Florida limited liability company, and Plaintiff is the sole liquidator in charge of winding up the company's activities and affairs;

23. "BIM'S INVESTMENTS, LLC A FLORIDA LIMITED LIABILITY COMPANY" and "BIM'S INVESTMENTS, LLC" are not one and the same;

24. As the sole signer of the Notes, Plaintiff did not indorse or issue the Notes as negotiable instruments;

25. The Notes are not negotiable instruments, because they are not an unconditional promise or order to pay a fixed amount of money, and they state other "undertaking or instruction" (options) in addition to the payment of money;

26. The unambiguous terms and elements of the Notes, is not specific enough to give rise to a legally binding and enforceable contract in a court of law;

27. The Notes define **"A & D MORTGAGE, LLC"** as Lender;

28. **A & D MORTGAGE LLC** is a Florida Limited Liability Company that has been administratively **dissolved and inactive** since **10/01/2004**;

29. "**A & D** MORTGAGE, LLC" and "**A&D** MORTGAGE LLC" are not one and the same, because "**A&D** MORTGAGE LLC" is still an active Florida enterprise;

30. The offer and terms of the Notes was never accepted by A&D MORTGAGE LLC.

## The bad faith scheme done by Defendants through state action:

31. Defendants schemed and prosecuted state actions against Plaintiff in bad faith, under color of Florida foreclosure laws, based on purportedly being a holder of the original copies of the Notes through negotiation by an allonge;

32. Defendants schemed up judicial state actions of foreclosure under a guise of IMPERIAL FUND I, LLC as the sole plaintiff, but **wholly** prosecuted the case under color of state law, as Mr. Raymond covertly being a quasi-"nonholder in possession of the instrument who has the rights of a holder" within the meaning in §3-301(ii) of the Uniform Commercial Code;

33. Mr. Howard initiated the foreclosure state action **almost two years now**, as the sole attorney of record, on behalf of IMPERIAL FUND I, LLC, and has since done **literally** nothing else pertaining to the cases;

34. In fact, despite several and many attempts, Petitioner has never met Mr. Harris, not even over the phone, but have only received minimal unverifiable emails;

35. Under Florida law, the filer of a foreclosure complaint must accompany it with a certification of possession of an original promissory note ("Certification") under penalty of perjury;

36. Mr. Klein filed a non-compliant Certification, **without filing a notice of appearance**, and has since done **literally** nothing else pertaining to the cases;

37. Mr. Raymond has since solely prosecuted and conducted the entire state court proceedings for almost two years now, **without filing a notice of appearance**;

38. Under Florida laws, all judicial court actions and proceedings done by a non-attorney of record is a nullity;

39. IMPERIAL FUND I, LLC has unlawfully obtained *ex parte* foreclosure Orders based on the Notes, under color of state law, and without due process of law;

40. Howard Law Group is the enterprise used to carry out this elaborate scheme done by Defendants;

41. This scheme was carried out by Defendants as a way to evade the federal RICO crimes threshold of conduct or participation in the conduct of the enterprise through that "**pattern of racketeering activity**" through the commission of <u>**at least two acts**</u> of racketeering activity. *See* **18 U.S.C. § 1961(5)**.

42. Whether or not Defendants' conducts may or may not rise to a level of a federal RICO prosecution, the alleged scheme and conduct by Defendants in this case clearly establish racketeering, and must not be condoned by this court.

43. Defendants, severally and jointly, used a business operation to commit the illegal acts which affected interstate commerce against Plaintiff;

## COUNT I. DECLARATORY JUDGMENT
### (Rights and Performance Under the Agreements)

44. The Plaintiff incorporates by reference the allegations and statements set forth in all preceding paragraphs of this Complaint, as though fully set forth herein.

45. The unambiguous terms and elements of the Notes, is not specific enough to give rise to a legally binding and enforceable contract in a court of law.

46. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to the rights and performance under the Notes.

## COUNT II. DECLARATORY JUDGMENT
### (The Notes Are Not Negotiable Instruments)

47. The Plaintiff incorporates by reference the allegations and statements set forth in all preceding paragraphs of this Complaint, as though fully set forth herein.

48. Plaintiff never signed, or otherwise assented to the Notes as negotiable instruments, they are rather agreements that never quite materialized into an enforceable contract.

"The rule that it is possible for parties to make an enforceable contract binding them to prepare and execute a subsequent agreement is well recognized. However, 'if the document or contract that the parties agree to make is to

contain any material term that is not already agreed on, no contract has yet been made; and the so-called 'contract to make a contract' is not a contract at all." ***John I. Moss, Inc. v. Cobbs Co.***, 198 So.2d 872, 874 (Fla. 3d DCA 1967).

49. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether the Notes are originally negotiable or non-negotiable instrument, or neither.

## COUNT III. DECLARATORY JUDGMENT
### (All Actions Taken by the Non-Record Attorney in Court is a Nullity)

50. The Plaintiff incorporates by reference the allegations and statements set forth in all preceding paragraphs of this Complaint, as though fully set forth herein.

51. The *ex parte* foreclosure state actions were done without due process of law, and wholly secured by non-record attorneys, and should be deemed as nullities, and also deemed as a contravention of the laws of the United States of America.

52. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether actions taken based on the Notes, under color of state law by non-record attorney are a nullity.

## COUNT IV. DECLARATORY JUDGMENT
### (The Notes Are Not Foreclosable in a Court of Law)

53. The Plaintiff incorporates by reference the allegations and statements set forth in all preceding paragraphs of this Complaint, as though fully set forth herein.

54. The Florida and Federal constitutional separation of powers clauses, and other similarly promulgated state and federal authority, bars any judicial enforcement, and specifically bars a judicial foreclosure of the Notes in this case;

55. A properly executed written contract in the form of a duly negotiated promissory note is a prerequisite to any enforcement of these Notes, especially if enforcement is sought in the form of an action for judicial foreclosure.
"To be enforceable, an agreement must be sufficiently specific, and reflect assent by the parties to all essential terms. Where essential terms of an agreement remain open, subject to future negotiation, there can be no enforceable contract." (*Citations omitted for now*)

56. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether a judicial foreclosure based on the Notes is permissible under the laws of the United States of America.

## DECLARATORY RELIEF AND REMEDY SOUGHT ON ALL COUNTS

57. The Plaintiff incorporates by reference the allegations and statements set forth in all preceding paragraphs of this Complaint, as though fully set forth herein.

58. There is a bona fide dispute between Plaintiff and Defendants.

59. Plaintiff has a justiciable question as to the as to the enforceability of the Notes and the existence or non-existence of its rights under the Notes.

60. Plaintiff is in doubt as to its rights.

61. As such, there is a bona fide, actual, and present need for the requested declaration.

62. The Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

*See* **28 U.S.C. § 2201(a)**. A "case of an actual controversy" is "definite and concrete, touching the legal relations of parties having adverse legal interests." **Nike, Inc. v. Already, LLC**, 663 F.3d 89, 94 (2d Cir. 2011), aff'd, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). Also, there must be "a substantial controversy... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." **MedImmune, Inc. v. Genentech**, Inc., 549 U.S. 118, 127 (2007).

63. As set forth above, and as a result of the facts leading up to the filing of this suit, such a "concrete" and "substantial controversy" exists between Plaintiff and Defendants. The substantial disagreement among the parties cannot be resolved without court intervention. As such, Plaintiff has filed this Complaint.

64. Accordingly, Plaintiff seeks the following judicial declarations from this Court, requesting the Court to determine the rights and obligations of Plaintiff and

Defendants under the terms and elements of the Notes, specifically declarations that:

a. The Notes are not issued by Plaintiff as negotiable instruments.

b. Plaintiff has no duty or obligation to perform under the Notes.

c. BIM'S INVESTMENTS, LLC has no duty or obligation to perform under the Notes, in furtherance of the winding up of its activities and affairs.

d. The purported negotiation of the Notes to IMPERIAL FUND I, LLC is invalid rendering it void or rescinded.

e. IMPERIAL FUND I, LLC has no right to judicial foreclosure on the Notes.

f. Defendants has no right to judicial foreclosure based on the Notes.

g. All actions and proceedings done by Mr. Raymond to foreclose on the Notes in state court are nullity, and does not bind or encumber Plaintiff's rights.

h. All actions and proceedings done by Mr. Klein to foreclose on the Notes in state court are nullity, and does not bind or encumber Plaintiff's rights.

i. All actions and proceedings done by Mr. Harris to foreclose on the Notes in state court is in bad faith, and does not bind or encumber Plaintiff's rights.

j. Any and all foreclosure Order(s) or any other Order based on the Notes, obtained through the state actions under color of law, are a nullity and must not encumber or infringe upon any Plaintiff's rights.

k. "BIM'S INVESTMENTS, LLC A FLORIDA LIMITED LIABILITY COMPANY" and "BIM'S INVESTMENTS, LLC" are not one and the same.

l. "A & D MORTGAGE, LLC" and "A&D MORTGAGE LLC" are not one and the same.

m. The original Notes must be returned to Plaintiff for proper enforcement against the original holder.

65. Plaintiff also seeks a declaratory judgment that this Court has the authority to issue judgment on all of Plaintiff's causes of action brought in this Complaint for Declaratory Judgment.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Abimbola Orukotan petitions and prays for judgment as follows:

a. A declaration to determine the rights and obligations of the parties in connection with the claims asserted in the Lawsuit; and

b. Any such other and further relief this Court may deem just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, AD 2020.

*A. Orukotan*
Abimbola Orukotan, Petitioner.

Tia J[illegible]
39 Curlew Cir
Newark, DE 19702



U.S. POSTAGE PAID
FCM LETTER
BEAR, DE
19701
OCT 17 20
AMOUNT
**$6.40**
R2304N117170-19

33301

Judge Roy K. Altman
U.S. Federal Building and Courthouse
299 East Broward Blvd.
Courtroom 201A, Chambers 2078
Ft. Lauderdale, Fl 33301

CERTIFIED MAIL

7019 1120 0000 3731 7482